**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                                          :
JOHN D. FORDE,                                 :
                                                          :
                    Plaintiff,                       :
                                                          :          Civil Action No. 08-5026 (JAG)
                              v.                      :
                                                          :                 **OPINION**
SGT. FISCHER, et al.,                          :
                                                          :
                    Defendants.                   :
_____:


**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on a motion to dismiss the complaint of plaintiff

John D. Forde ("Plaintiff" or "Forde") for failure to state a claim upon which relief can be

granted, by defendants, New Jersey Department of Corrections ("NJDOC") Commissioner

George W. Hayman ("Comm'r Hayman"); then-Acting Commissioner Lydell Sherrer

("Sherrer");[1] Sergeant Fischer ("Sgt. Fischer"); and Sergeant Robinson ("Sgt. Robinson")

(collectively, "Defendants"),[2] pursuant to FED. R. CIV. P. 12(b)(6).[3]  For the reasons set forth

_____

[1]  Defendants state that Sherrer is now Deputy Commissioner of the NJDOC.  (Br. in
Support of Defs.' Mot. to Dismiss, Pursuant to Fed. R. Civ. P. 12(b)(6) and for Summ. J.,
Pursuant to Fed. R. Civ. P. 56 ("Defs.' Br.") at 2.)

[2]  Plaintiff also named as defendants NJDOC and East Jersey State Prison, who were
dismissed by this Court's order on December 31, 2008.  (Docket Entry No. 2.)

[3]  Defendants also seek summary judgment, pursuant to FED. R. CIV. P. 56.  However,
because this decision relies only on Plaintiff's complaint, and not on Defendants' other
submissions, Rule 12(b)(6) provides the appropriate standard of review.  See FED. R. CIV. P.

below, Defendants' motion shall be granted.

## I. BACKGROUND

Plaintiff John Forde claims his Eighth Amendment right not to be subjected to cruel and unusual punishment was violated during his confinement, as an inmate, at the East Jersey State Prison ("EJSP").[4]  (Compl. at 6.)  On May 29, 2008, Forde was transferred[5] to cell number 110 in the Alpha wing of EJSP, a cell which he claims was "deemed to be a condemed [sic] cell."  (Id.)  Forde alleges that this cell had mold growing on three walls and flooded at times of rain.  (Id. at 4.)  He further alleges that the rainwater on the cell floor caused him to slip and fall, resulting in a "severe back contusion."  (Id.)  Forde remained imprisoned in this cell for two months, through the end of July.[6]  (Id. at 6.)

Forde asserts that Defendants denied his numerous requests to be moved from this cell. (Id.)  He alleges that on May 30th he asked to be moved to an open cell within the wing but that Sgt. Fischer said "no."  (Id.)  Forde also states that he requested to be moved on June 2nd, 3rd,

---

12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

[4] Forde has not specified what relief he seeks from this Court.  (See Compl. at 7.)  On his prisoner civil rights complaint form, under question seven entitled "Relief," Forde wrote only: "All of the defendants acted with deliberate indifference to my safety and well being.  By housing me in a cell that was deemed to be condemed [sic] was a violation of my eighth amendment right."  (Id.)

[5] Forde states that his move was required because he "incurred several charges." (Compl. at 6.)  Defendants' brief supporting this motion states that Forde incurred disciplinary infractions which resulted in his move to the cell in the "Administrative Custody Segregation Unit."  (Defs.' Br. at 3.)

[6] On July 31, 2008, Forde was transferred to Northern State Prison.  (Pl.'s Application to Proceed In Forma Pauperis at 2.)

2

and 4th, but that Sgt. Robinson looked into Forde's cell and said, "I already know about the room but I'm not moving you." (Id.) He states that, between May 29th and July 26th, he repeated his request to be moved each time he saw an area sergeant. (Id.) He also avers that he wrote a letter to Comm'r Hayman on May 28th, and, in response, then-Acting Comm'r Sherrer responded, stating that he forwarded Forde's letter and one of his own to "Admin-Mr. Power"[7] at EJSP.[8] (Id.)

Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's § 1983 civil rights complaint, filed *in forma pauperis* on October 10, 2008 (Docket Entry No. 1).

## II.  STANDARD OF REVIEW

The question presented by a Rule 12(b)(6) motion to dismiss is not whether the person will ultimately prevail, but whether the claimant can prove any set of facts consistent with his allegations that will entitle him to relief. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). Such a motion should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," the plaintiff must allege facts that "raise a right to relief above the speculative level," id. at 555-56, and set forth "sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist," Kost v. Kozakewicz,

---

[7] Mr. Power's identity and position is unclear from Forde's complaint.

[8] May 28th, the date alleged for this letter, precedes the date Forde into his cell, May 29th. Forde also claims that he wrote a letter on May 27th to "Admin-Mr. Power," who is not named as a defendant, and received no response. (Compl. at 6.) The dates and content of these letters are not dispositive.

1 F.3d 176, 183 (3d Cir. 1993).   A court will not accept bald assertions, unsupported

conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual

allegations.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997).

For purposes of the motion, a court must accept as true all allegations in the complaint

and all reasonable inferences that can be drawn therefrom, and view them in the light most

favorable to the non-moving party.  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380,

1384-85 (3d Cir. 1994).  A complaint filed *pro se* is held to "less stringent standards than formal

pleadings drafted by lawyers" and must be "liberally construed."  Erickson v. Pardus, 551 U.S.

89, 94 (2007).

### III.  DISCUSSION[9]

---

[9]  Defendants' chief argument in support of this motion is that Plaintiff failed to exhaust
his administrative remedies.  (Defs.' Br. 8-11); see 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548
U.S. 81, 88-94 (2006) (holding that Prison Litigation Reform Act, § 1997e(a), mandates "proper
exhaustion," meaning a complainant must complete the "administrative review process in
accordance with the applicable procedural rules, including deadlines, as a precondition to
bringing suit in federal court"); accord Spruill v. Gillis, 372 F.3d 218, 228-231 (3d Cir. 2004).
Defendants have submitted declarations of two prison officials in support of their claim.  (See
Defs.' Br. 8-11); see also Jones v. Bock, 549 U.S. 199, 211-17 (2007) (holding exhaustion is
affirmative defense and therefore defendants, not plaintiffs, must bear the burden of pleading);
accord Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).
    Failure to exhaust is not clear on the face of Plaintiff's complaint.  For instance, Plaintiff
marked, on his prisoner civil rights complaint form, "yes" in response to question number five,
which asks if Plaintiff had requested relief.  (Compl. at 5.)  See Jones, 549 U.S. at 214-15 (noting
that while exhaustion is an affirmative defense, failure to exhaust can be basis for dismissal for
failure to state a claim where, as usual, plaintiff's complaint establishes such a ground for
dismissal); accord Ray, 285 F.3d at 295 n.8.  Therefore, to adequately address the issue of
exhaustion, this Court would have to consider, at the very least, Defendants' declarations (to
which Plaintiff has not offered any response), and, in turn, apply the standard of review for
summary judgment rather than motion to dismiss.  See FED. R. CIV. P. 12(d); Hemingway v.
Falor, 200 F. App'x 86, 90 (3d Cir. 2006) ("Reliance on declarations from prison officials
requires conversion [of a motion to dismiss to summary judgment].").
    Instead, this Court dismisses the underlying claim on its merits.  See 42 U.S.C.
§ 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim

### A.  Failure to State an Eighth Amendment Claim

Forde presents a conditions of confinement claim.  "[T]he treatment a prisoner receives in a prison and the conditions under which he is confined are subject to [s]crutiny under the Eighth Amendment."[10]  Helling v. McKinney, 509 U.S. 25, 31 (1993).  The Constitution requires that those who are incarcerated be afforded "humane conditions of confinement."  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  Prison officials must take reasonable measures to guarantee the safety of inmates and must provide them with adequate food, clothing, shelter, and medical care.  Id.

To establish an Eighth Amendment violation, two requirements must be met.  First, objectively, there must be a "sufficiently serious" deprivation whereby a prison official's act or omission resulted "in the denial of 'the minimal civilized measure of life's necessities.'"  Id. at 834 (internal citations omitted).  If a plaintiff claims that a prison official failed to take reasonable measures to guarantee his safety, that is, that an official failed to prevent harm, the plaintiff must show that there existed a "substantial risk of serious harm."  Id.  Second, subjectively, a prison official must have had a "sufficiently culpable state of mind," that is, he must have acted with "deliberate indifference."  Id.

Liberally construing Forde's complaint, this Court evaluates the conditions alleged, under the analytical framework for both a failure to prevent harm and for a serious deprivation of life's

---

upon which relief can be granted . . . the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."); see also Woodford, 548 U.S. at 101 (2006) (noting that § 1997e(c)(2) makes clear that the PLRA exhaustion requirement is not jurisdictional and thus allows a court to dismiss a plainly meritless claim without making a potentially more complex inquiry the into issue of proper exhaustion).

[10]  The Eighth Amendment applies to the states through the Fourteenth Amendment.  See, e.g., Wilson v. Seiter, 501 U.S. 294, 296-97 (1991).

necessities, and concludes that neither condition alleged by Forde satisfies the objective prong of

the Farmer test.  "Inmates cannot expect the amenities, conveniences and services of a good

hotel."  Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988).  "The Constitution 'does not

mandate comfortable prisons,'" and "[p]rison conditions may be 'restrictive and even harsh.'"

Farmer at 832-33 (internal citations omitted).  The rainwater and mold described in Forde's

complaint are not conditions of confinement that can be said to have violated his constitutional

rights.

### 1.  Rainwater

The rainwater in Forde's cell, the condition on which Forde has focused his complaint,

falls short of an Eighth Amendment violation.  His allegations do not meet the requirements for a

conditions of confinement claim based on failure to prevent harm.  In remanding an inmate's

claim that he was being exposed to levels of Environmental Tobacco Smoke (ETS) that posed an

unreasonable risk of serious damage to his health, the Supreme Court in Helling instructed:

> [D]etermining whether [plaintiff's] conditions of confinement violate the
> Eighth Amendment requires more than a scientific and statistical inquiry
> into the seriousness of the potential harm and the likelihood that such
> injury to health will actually be caused . . . . It also requires a court to
> assess whether society considers the risk . . . to be so grave that it violates
> contemporary standards of decency to expose *anyone* unwillingly to such a
> risk.  In other words, the prisoner must show that the risk of which he
> complains is not one that today's society chooses to tolerate.

Helling, 509 U.S. at 36 (1993) (emphasis in original).

Slippery floors present neither a substantial risk of serious harm nor a qualitatively

intolerable risk.  While the rainwater may have been a "potentially hazardous condition, slippery

floors constitute a daily risk faced by members of the public at large.  Federal courts from other

circuits have therefore consistently held that slippery prison floors do not violate the Eighth Amendment." Reynolds v. Powell, 370 F.3d 1028, 1031-32 (10th Cir. 2004) (holding standing water in shower did not pose substantial risk of serious harm, even though plaintiff was on crutches); see also Bell v. Ward, 88 F. App'x 125, 127 (7th Cir. 2004) (holding that wet floor in common area of cell block, resulting in four-stitch injury to inmate, did not pose substantial risk of serious harm, noting that he and others had previously crossed wet floor without slipping); LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (holding that shackling inmate during showers was not sufficiently unsafe, noting "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment"); Santiago v. Guarini, 2004 WL 2137822 at *2 (E.D. Pa. Sept. 20, 2004) (holding toilet and sink leak in cell, causing slip and fall, did not present substantial risk to inmate's safety and were not objectively serious conditions).

The rainwater on Forde's cell floor also fails to constitute a denial of life's necessities to meet the first prong of a conditions of confinement claim. Forde does not suggest that the water in his cell rose to any significant level other than that which caused him to slip. "[P]uddles are unpleasant but not unconstitutional." Smith v. Melvin,1996 WL 467658 at *2 (7th Cir. 1996) (affirming lower court's dismissal of complaint, holding leaky toilet and standing water on cell floor was not extreme deprivation); see also Eley v. Kearney, 2005 WL 1026718 at *5 (D. Del. Apr. 25, 2005) (holding that accumulation of rainwater at top of stairs was not a sufficiently serious deprivation); Jackson v. Taylor, 2008 WL 4471439 at *5 (D. Del. Sept. 26, 2008) (holding excessive humidity in kitchen, causing inmates to routinely slip and fall, was not a sufficiently serious deprivation); cf., e.g., Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (finding inmate alleged a sufficiently serious deprivation where he claimed his floor mattress was

wet and moldy for two months in cell because of shower water on floor).

"Simply put, '[a] 'slip and fall,' without more, does not amount to cruel and unusual

punishment. . . . Remedy for this type of injury, if any, must be sought in state court under

traditional tort law principles.'" Reynolds, 370 F.3d at 1031 (citation omitted).

**2.  Mold**

Forde's allegation of mold on three of his cell walls also fails to implicate the Eighth

Amendment.  His complaint leaves no room for a permissible inference that the mold in his cell

posed a substantial risk of serious harm.  For example, Forde does not allege that the mold is

toxic.  See Smith v. Leonard, 244 F. App'x 583, 584 (5th Cir. 2007) (finding plaintiff stated

constitutional claim where he alleged toxic mold and symptoms of headaches, sinus problems,

blurred vision, difficulty in breathing, irritated eyes, and fatigue); Board v. Farnham, 394 F.3d

469, 486-87 (7th Cir. 2005) (affirming denial of defendants' motion for summary judgment on

qualified immunity grounds where plaintiffs alleged frequent nosebleeds due to inadequate

ventilation that evidence showed had black mold).  Forde does not even suggest that the mold

had, or would have had, any sort of impact on him.  See Helling, 509 U.S. at 32-35 (holding that

future risk to health, without current injury, could violate Eighth Amendment).

As Forde offers no facts alleging risk, let alone substantial risk, and no facts regarding

harm, let alone serious harm, it is clear he does not, with regard to the mold, state a claim for

failure to prevent harm.  See, e.g., Meadows v. Fulton County Jail, 2008 WL 818055 at *2 (N.D.

Ga. Mar. 25, 2008) (finding plaintiff's claim about mold in showers, cells, ceilings, and vents to

be frivolous because he alleged no specific harm and failed to meet substantial risk requirement);

McIntyre v. Phillips, 2007 WL 2986470 at *2-3 (W.D. Mich. Sept. 10, 2007) (finding plaintiff,

having claimed no harm other than perceived risk of future medical issues about black mold,

failed to state claim requiring unreasonably high risk which today's society does not tolerate).

Liberally construed, the only reasonable inference that can be drawn from Forde's

complaint is that he found the mold in his cell to have been undesirable or uncomfortable.  The

mere presence of mold does not indicate an objectively serious deprivation of life's necessities.

See Peterkin v. Jeffes, 661 F. Supp. 895, 915 (E.D. Pa. 1987) (finding mold and lime deposits in

showers were unpleasant but, given that they posed no real health hazard, there was no

constitutional violation), *aff'd in part*, *vacated in part on other grounds*, 855 F.2d 1021 (3d Cir.

1988); Shrader v. White, 761 F.2d 975, 984 (4th Cir. 1985) (holding that mold in showers was

not constitutional violation, in part, in light of no evidence of disease resulting from mold); Allen

v. Malone, 2009 WL 2595615 at *4 (E.D. Wisc. Aug. 20, 2009) (finding mold, poor ventilation,

and small bugs in bathroom area did not establish objectively serious deprivation).

Although "*[s]ome* conditions of confinement may establish an Eighth Amendment

violation 'in combination' when each would not do so alone," this is not such a case.  Wilson v.

Seiter, 501 U.S. 294, 304 (1991).  Combinations have a constitutional effect "only when they

have a mutually enforcing effect that produces the deprivation of a single, identifiable human

need such as food, warmth, or exercise—for example, a low cell temperature at night combined

with a failure to issue blankets."  Id.  The conditions alleged in this case do not together produce

any more of a deprivation of a human need than they do individually.

This Court concludes that, having liberally construed Forde's complaint, the conditions

alleged, rainwater flooding and mold, alone or in combination, do not state a claim for cruel and

unusual punishment under the Eighth Amendment.

**B. Futility of Leave to Amend**

"[The Third Circuit has] held that even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile."[11]  Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000)).  An amendment is futile if the amended complaint cannot withstand a renewed motion to dismiss.  See Shane, 213 F.3d at 115.

In this case, providing leave to amend would be futile.  As discussed above, there are no facts from which this Court can infer that Forde's Eighth Amendment rights were violated.  See Day v. Fed. Bureau of Prisons, 233 F. App'x 132, 135 (3d Cir. 2002) (affirming dismissal without leave to amend where *pro se* plaintiff brought failure to protect claim that failed to meet either prong of the Farmer test and the court could not "conceive of any viable federal claim that [plaintiff] could have brought on the facts alleged").  Furthermore, even if Forde were able to present additional facts consistent with those alleged such that he could survive a 12(b)(6) motion on the merits of his claim, he would not be entitled to relief.  To the extent Forde seeks declaratory or injunctive relief, the mootness principle precludes this Court from providing such relief; to the extent that he seeks monetary relief, he will be unable to do so because Defendants will be protected from suit under the doctrine of qualified immunity.  See Gray v. Pagano, 287 F. App'x 155, 159 (3d Cir. 2008) (affirming dismissal and court's decision not to grant leave to

---

[11] "[T]hese principles apply equally to pro se plaintiffs and those represented by experienced counsel.  Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility."  Alston, 363 F.3d at 236 (citing Shane, 213 F.3d at 115-16).

amend, *sua sponte*, where foreclosure claim was moot and defendant was also protected under

qualified immunity).

The mootness principle draws from the notion that, "[f]ederal courts, having jurisdiction

only to decide actual cases and controversies, are 'without the power to decide questions that

cannot affect the rights of litigants in the case before them.'"  DeFunis v. Odegaard, 416 U.S.

312, 316 (1974).  From July 31, 2008, forward, when Forde was transferred out of EJSP, "[i]t is

plain that [Forde] could have no interest [in the conditions of the cell at EJSP].  It is equally plain

that, from that date forward, [this Court] could not provide [Forde] with meaningful relief"

through injunctive or declaratory remedies.  Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir.

1993); see also Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from

the facility complained of generally moots equitable and declaratory claims.").

Additionally, because the question Forde presents is not one that is "capable of repetition,

yet evading review," his claim does not fall within the ambit of the singular exception to the

mootness principle:

> **The "capable of repetition" doctrine is a narrow exception to the mootness
> principle and is limited to cases presenting two elements: "(1) the challenged
> action was in its duration too short to be fully litigated prior to its cessation
> or expiration, *and* (2) there [is] a reasonable likelihood that the same
> complaining party *would* be subjected to the same action again."**

Abdul-Akbar, 4 F.3d at 206 (emphasis in original), quoting Weinstein v. Bradford, 423 U.S. 147,

149 (1975).

Assuming, *arguendo*, that Forde satisfies the first element of this exception, given that

the alleged action lasted only two months and that he was filing *pro se* and *in forma pauperis*, he

fails on the second element.  See Doe v. Delie, 257 F.3d 309, 313-14 (3d Cir. 2001) (finding

mootness on second element after assuming, *arguendo*, that inmate satisfied first element where he alleged violation of privacy and was acquitted prior to oral argument which occurred three years after he filed complaint). There is no "demonstrated probability" that Forde will be subjected to the same cell conditions at EJSP again, and speculation on that matter "has no place in the application of this exceptional and narrow grant of judicial power." Abdul-Akbar, 4 F.3d at 207 (reversing district court's finding that reasonable likelihood existed of released inmate returning to defendant's prison); see also Cobb v. Yost, 2009 WL 2579831 at *1 (3d Cir. Jul. 31, 2009) (affirming district court's finding that released inmate's claims of inadequate medical care were moot because speculation that inmate would return to prison did not overcome mootness exception); Sutton, 323 F.3d at 249 (finding no mootness exception where inmate had been provided the requested religious books and transferred from prison).

Forde no longer has a justiciable claim for declaratory and injunctive relief, but "the availability of damages or other monetary relief almost always avoids mootness." Doe, 257 F.3d at 314 (reviewing qualified immunity issues for nominal and punitive damages after finding mootness for declaratory and injunctive relief). The doctrine of qualified immunity, however, protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan,129 S.Ct. 808, 815 (Jan. 21, 2009).

A determination of qualified immunity follows from a two step analysis: a court must decide (1) whether the facts alleged or shown make out a violation of a constitutional right; and (2) whether the constitutional right at issue was "clearly established" at the time of the defendants' misconduct. Saucier v. Katz, 533 U.S. 194, 201 (2001). The order in which these

steps are addressed is within the court's discretion.  Pearson, 129 S.Ct. at 821.

Assuming Forde is able to bring an otherwise viable claim for damages on this cause of

action, Defendants will be protected under qualified immunity.  The analysis above demonstrates

that Forde fails at the second step of the qualified immunity analysis because any Eighth

Amendment right for which he alleges a violation was not a clearly established right at the time

of such an alleged violation.  The case law demonstrates that federal courts have routinely

rejected constitutional claims based on conditions similar to those alleged here.  Even if Forde

had a right to be free from those conditions imposed upon him, reasonable officials could

disagree over the lawfulness of such conditions because the presence of rainwater and mold in an

inmate's cell, as presented here, does not violate his Eighth Amendment rights.

In this matter, providing leave to amend is futile.  Forde has no remedies available to him.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed, with prejudice.[12]


        S/Joseph A. Greenaway, Jr.
        JOSEPH A. GREENAWAY, JR., U.S.D.J.


Dated:  December 16, 2009

---

[12]    This dismissal shall also count as one "strike" under § 1915(g), which states: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

    This Court notes, however, that a "dismissal does not count as a strike for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights." Nichols v. Am. Detective Agency, 254 F. App'x 116, 116 (3d Cir. 2007) (finding district court erred in denying motion on grounds that plaintiff had three strikes and failed to allege imminent danger because at time plaintiff filed that suit, two of the strikes had not yet been entered).